**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEODORO DIAZ,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF HACKENSACK, et al.,<br><br>            Defendants. | Civil No.: 06-4615 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on motions for summary judgment filed by: (1) Defendant City of Hackensack Police Department's ("the Police Department"), (2) Defendant Police Officer Meneses ("Meneses"), and (3) Defendant Police Officer DeLeon ("DeLeon"). The Court has considered the submissions made in support of and in opposition to the motions and decides these matters without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motions are granted in part and denied in part.

## BACKGROUND

On September 26, 2004, Plaintiff was arrested by Meneses and Deleon for public drunkenness and disorderly conduct. (Diaz Cert. ¶ 2.) Plaintiff alleges that while in custody at the precinct Meneses, DeLeon, and others punched him in the face, kicked him in the face and chest, and threw him against a wall. (Id. at ¶¶ 3 & 4.) These acts caused Plaintiff to "feel extreme pain" around his head, face, and stomach. (Id.) Defendants eventually released plaintiff. (Id.) Plaintiff alleges that he was "in extreme pain all night," and, on the following morning, noticed swelling on the left side of his face, near his mouth, ear, and around his eye. (Id. at ¶ 6.) He eventually went to the emergency room for treatment and x-rays, and allegedly

1

continues to suffer from severe back pain. (Id. at ¶ 6-7.)

## LEGAL STANDARD

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## DISCUSSION

### I.  Section 1983 Claims Against the City of Hackensack Police Department

In New Jersey, a municipal police department is an "executive and enforcement function of municipal government." N.J.S.A. 40A:14-118. Thus, it is not considered a separate judicial entity and is not amenable to suit in a Section 1983 action. Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004). Under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), a plaintiff may only assert a Section 1983 claim against a municipality if a policy, custom, regulation, or decision adopted by the municipality caused a constitutional violation. After a review of the parties' arguments and the record, the Court notes that Plaintiff has failed to submit or to point to any evidence which sets forth information about the training policies, procedures, or methods of supervision of the Police Department, or any other information that would permit the Court to find in Plaintiff's favor on this claim. The Court notes that "[a] plaintiff pressing a § 1983 claim must identify a failure to provide specific training that

2

has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir.1997).

Here, Plaintiff set forth no evidence, let alone specific evidence, which tends to meet this standard. The Court is left to guess what the allegedly deficient policies of the Police Department are, how such policies are deficient and how the policies ultimately caused the deprivation of Plaintiff's Constitutional rights. At summary judgment, if the opponent to the motion fails to make a sufficient showing regarding an essential element of his or her case upon which he or she will bear the burden of proof at trial, all other facts are necessarily immaterial and summary judgment must be granted. Celotex, 477 U.S. at 321. Accordingly, the Police Department's motion for summary judgment is granted and such claim is dismissed with prejudice.

To the extent that Plaintiff's complaint can be construed as asserting as asserting a claim under a theory of respondeat superior, Plaintiff concedes that a this is not a viable cause of action. (see Pl. Br. at "Point II"); see also Leatherman v. Tarrant County, 507 U.S. 163, 166 (1993) ("[A]" municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Therefore, the Police Department's motion for summary judgment is GRANTED. Said claim is dismissed with prejudice.

## II.     Section 1983 Claims Against Defendant Police Officers Meneses and DeLeon.[1]

Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To recover under § 1983, a plaintiff must show two elements: (1) the

---

[1] Defendant DeLeon joins in all arguments advanced by Defendant Meneses and, as such, did not file a separate brief in support of his motion.

3

defendants acted under color of state law, and (2) their actions deprived the plaintiff of a right secured by the Constitution or federal statutes. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The Court will now address each claim in turn.

### 1. Fifth Amendment Due Process Claim

The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law ...." U.S. CONST. Amend. V. The Fifth Amendment, however, "restrict[s] only federal governmental action.'" Myers v. County of Somerset, 515 F.Supp.2d 492, 504 (D.N.J.2007) (quoting Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir.1983) (emphasis added)). "Accordingly, the rights provided by the Fifth Amendment do not apply to the actions of state officials." Id. Here, Defendants are state actors. Therefore, Plaintiff's Fifth Amendment Due Process claim fails as a matter of law. As such, Defendants' motions for summary judgment with respect to Plaintiff's Fifth Amendment Due Process claims are GRANTED. Said claim is dismissed with prejudice.

### 2. Eighth Amendment

The Eighth Amendment prohibition on cruel and unusual punishment prevents the use of excessive force against those *convicted* of crimes. See Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989). Here, Plaintiff's allegations of excessive force occurred prior to a conviction. Therefore, Defendants' motions for summary judgment with respect to the Plaintiff's Eighth Amendment cruel and unusual punishment claim are GRANTED. Said claim is dismissed with prejudice.

### 3. Excessive Force Claims under the Fourth and Fourteenth Amendments

Plaintiff brings a claim for excessive force under both the Fourth and Fourteenth Amendments.[2] "Claims that a law enforcement officer has used excessive force during an arrest, investigatory stop, or other 'seizure' are analyzed under the Fourth Amendment objective reasonableness standard." Graham, 490 U.S. 386. The Due Process Clause of the Fourteenth

---

[2] Defendant does not address the substantive merits of a Fourth Amendment claim, but rather argues that this Court should dismiss Plaintiff's Fourth Amendment claim for excessive force because it is not specifically mentioned in Plaintiff's complaint. Although the Court agrees that Plaintiff's complaint fails to explicitly state a Fourth Amendment claim, the Court construes the complaint as contemplating such a claim because (1) Plaintiff's First Count can be interpreted as encompassing Constitutional claims beyond the Fifth and Fourteenth Amendments, (2) Plaintiff's complaint uses the typical language associated with asserting a Fourth Amendment claim, and (3) this Court agrees with the courts in this Circuit that have adopted a Fourth Amendment Due Process analysis for claims of excessive force where an arrestee has not been "formally charged and his release or continued detainment is [not yet] determined." Hill v. Algor, 85 F.Supp.2d 391, 403 (D.N.J. 2007).

4

Amendment, however, protects pretrial detainee from excessive force. Brown v. Borough of Chambersburg, 903 F.2d 274 (3d Cir.1990). However, it is unsettled when an arrestee subject to the Fourth Amendment's protections becomes a pretrial detainee subject to the protections of the Fourteenth Amendment. See Warren v. Gelardi, 2009 WL 113450, at *8; see also Graham, 490 U.S. at 395 n. 10 ("Our cases have not resolved the question whether the Fourth Amendment continues to provide individuals with protection against the deliberate use of excessive physical force beyond the point at which arrest ends and pretrial detention begins, and we do not attempt to answer that question today.").

This Court agrees with the standard articulated in Hill v. Algor, 85 F.Supp.2d 391 (D.N.J.2000), namely that "a person continues to be an arrestee subject to Fourth Amendment protection through the period of post-arrest but prearraignment detention.... [Pretrial detention] does not begin until an arrestee is at least formally charged and his release or continued detainment is determined." Hill, 85 F.Supp.2d at 403. See also Warren v. Gelardi, 2009 WL 113450 (D.N.J., 2009) (adopting Hill reasoning); See also Riggins v. Horvath, 2009 WL 3208628 (D.N.J., 2009) (adopting Hill reasoning).

Therefore, the Court having found that Plaintiff's due process claim is more properly brought under the Fourth Amendment as opposed to the Fourteenth Amendment, Defendants' motions for summary judgment as to Plaintiff's Fourteenth Amendment due process claim are GRANTED and said claims are DISMISSED with prejudice.

However, although Defendants urge the Court to reject Plaintiff's Fourth Amendment claim, they do not address the substantive merits of said claim. Therefore, Plaintiff's motion is DENIED without prejudice. Plaintiff may file a motion for summary judgment with respect to Plaintiff's Fourth Amendment due process claim within fourteen (14) days of the entry of this opinion.

### 4. Fourteenth Amendment Equal Protection Claim

The Fourteenth Amendment prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. Amend. XIV. In order to state a Section 1983 equal protection claim, a plaintiff must "prove the existence of purposeful discrimination." Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 151 (3d

5

Cir.2005) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir.1990)). Stated alternatively, the plaintiff must demonstrate that he or she "received different treatment from that received by other individuals similarly situated." Id. Here, Plaintiff has not come forward even with allegations concerning any disparate treatment, let alone facts sufficient to defeat Defendants' motion for summary judgment. For these reasons, Defendants' motions for summary judgment on Plaintiff's equal protection claims are GRANTED. Such claims are DISMISSED with prejudice.

### III.   New Jersey State Law Claims Against Defendant Police Officers Meneses and DeLeon.

Under the New Jersey Tort Claims Act ("TCA"), a public employee is generally "liable for injury caused by his act or omission to the same extent as a private person." N.J.S.A. § 59:3-1(a). However, the provisions of the TCA immunize from liability public employees who have acted "in good faith in the execution or enforcement of any law." N.J.S.A. § 59:3-3.  The same "objective reasonableness" standard that is used to determine whether a defendant enjoys qualified immunity from actions brought pursuant to 42 U.S.C. § 1983 is used to determine questions of good faith arising under N.J.S.A. § 59:3-3. See Lear v. Township of Piscataway, 236 N.J.Super. 550, 553 (App.Div.1989).  "Reasonableness is judged on the totality of the circumstances, including the seriousness of the crime, the safety threat posed by the suspect, the suspect's attempts to resist arrest or to evade it by flight." James v. York County Police Dept., No. 05-2852, 2005 U.S.App. LEXIS 26876, *17-18 (3d Cir. Dec. 8, 2005) (citing Graham, 490 U.S. at 396).

Here, Plaintiff has certified that he was beaten by Meneses and DeLeon after arriving at the station. (See Diaz Cert at ¶¶ 3-5.)  When viewing the facts in the light most favorable to the Plaintiff there is no evidence to suggest that Plaintiff resisted arrest or attempted to fight back after arriving at the police station.  Notably, Plaintiff alleges that he was beaten while handcuffed to a chair.  If Plaintiff's testimony is believed, this Court determines that a jury could find that Meneses and DeLeon could not have believed that their conduct was objectively reasonable. Additionally, the provisions of the TCA strip a public employee of any immunity if that employee is found to have engaged in "willful misconduct." N.J.S.A. § 59:3-14(a). Willful misconduct is "'the commission of a forbidden act with actual (not imputed) knowledge that the act is forbidden' ... [I]t requires much more than an absence of good faith and 'much more' than negligence."  PBA

Local No. 38 v. Woodbridge Police Dep't, 832 F.Supp. 808, 830 (D.N.J.1993). As there exists a genuine issue of material fact regarding whether Meneses and DeLeon engaged in willful misconduct, the Court cannot determine as a matter of law whether the TCA shields them from liability for their use of force against Plaintiff. Accordingly, the Court will deny Defendants' motions for summary judgment with respect to the assault and battery claim contained in the First Count of the Amended Complaint.

## CONCLUSION

Based on the reasons set forth above, Defendants' motions for summary judgment are GRANTED in part and DENIED in part. An appropriate order accompanies this opinion.

/s/ Jose L. Linares
United States District Judge

DATED: April 5, 2010