NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEODORO DIAZ,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF HACKENSACK, et al.,<br><br>Defendants. | Civil No.: 06-4615 (JLL)<br><br><br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court on Defendant City of Hackensack's ("the City") motion to dismiss. This Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated herein, the City's motion is GRANTED.

## BACKGROUND

On September 26, 2004, while Plaintiff was in the custody of the Hackensack Police Department he was assaulted and battered by Defendant Police Officers Meneses and DeLeon. (Compl. ¶ 10). Plaintiff alleges that he sustained severe injuries. (Id. ¶ 12). Plaintiff alleges that the City's failure to properly train and supervise Defendant Meneses and DeLeon resulted in Plaintiff's physical injuries and deprived him of his rights under the United States Constitution. (Id. ¶ 19).

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility

1

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. However, a plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated.

## DISCUSSION

### I.  Section 1983 Claims Against The City

Plaintiff claims that the City is liable under § 1983 for the constitutional violations for failing to adequately train and supervise Defendants Meneses and DeLeon. Municipal bodies, such as the City, may only be held liable under § 1983 in limited circumstances. For example, the City will be subject to § 1983 liability "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact," Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). "[A] § 1983 claim must identify a failure to provide specific training that has a causal nexus with [the plaintiff's] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Id. at 145. With respect to this claim, Plaintiff simply alleges in his Complaint: "The failure of [Defendant City] . . . to properly provide training and supervision regarding the security of residents of Hackensack amounts to gross negligence and deliberate indifference to the safety and lives of the residents of the City of Hackensack. This gross negligence was a proximate cause of the injuries of Plaintiff." (Compl. ¶ 29.) This bare allegation lacks the requisite specificity required by Iqbal to survive a motion to dismiss. Plaintiff's complaint neither identifies the

specific training that was absent, nor demonstrates the absence of such specific training amounted to deliberate indifference. Instead, Plaintiff's complaint merely parrots the legal standard for failure-to-train claims. This [t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." Iqbal, 129 S. Ct. at 1949. As such, Plaintiff's Monell claim based on the failure to adequately train and supervise police officers is dismissed with prejudice.

## CONCLUSION

Based on the reasons set forth above, Defendant City of Hackensack's motion to dismiss is GRANTED. An appropriate order accompanies this opinion.

/s/ Jose L. Linares
United States District Judge

DATED: April 5, 2010